May it please the Court, Anne McClintock, Federal Defender's Office, on behalf of Mr. Smith. This is another case of attorney abandonment. It's a chronic claim and a habeas on appeal. And I think it's simple, and the Attorney General's Office thinks it's not. I think the ADPA doesn't apply. He thinks it does. So I want to start with, it's clear when you look, and I'm just looking at the record. If you fully and fairly look at the facts that were presented in State court. Just in State court. Just in State court. Not our clarifying stuff, although I like the clarifying stuff. You just look. We're just focused on the State court record, aren't we? Yes, the State court record. What we know is that, and even putting aside the merry-go-round, I think Judge Holloway calls it, of different attorneys representing Mr. Smith before the competency motion was filed. Marie Alex files a competency motion under State law once that's filed. The case is suspended. He's presumed incompetent. We have to have an expert. Court appoints Dr. Reuter. I think it's pronounced Reuter. However, he appoints a doctor. Between the time that motion is filed and the time the hearing takes place on June 27th, the firm that represents Mr. Smith abandons him. It falls apart. Ms. Alex sends in her I'm-out-of-here letter. And what's really key is if you look at the date of the report and when the court gets it, it's June 14th date, June 14th interview, the court gets it June 22nd. There's no way that Alex, who's already written on June 20th, ineffectively to the client, but eventually effectively the court, that she's no longer representing him. There's no way, given that timeline, that she got this report. But even if she did, I'll even accept that, I don't believe it, but even if I accept that she got the report, when the judge inquires of Mr. Smith during the second call of the hearing, competency hearing, he asks him, has anybody communicated with you about this? Anybody. Well. And he says no. Yeah, but on this, I'm just looking at that line, have you had any communication with anybody on this, is somewhat ambiguous. You're right, your client says no, sir. It could be, I think even if you take it at the most narrow, which is the competency issue that's before the court. But that's what I'm saying, it could be a reference to, has anybody communicated with you about this sort of change in counsel, what's going on, who's going to be your lawyer going forward? That's at least, I mean, you don't want to apply, and I can understand that, but if it does apply, it seems to me we basically have to give the benefit of the doubt to the state court. And there is a way I could see a reasonable state court judge looking at this record, saying, well, what the judge was asking him about was not, has someone talked to you about the competency report, whether there should be a hearing on it, but rather this whole mess with your lawyer's law firm is dissolved, apparently there's going to be some new lawyer coming in, has anyone talked to you about that? But I don't think that's even how the Court of Appeals read it. I think the Court of Appeals read that wrong, but what they said, now I can't read. You're going to read from the Court of Appeals decision? The California Court of Appeals, this is Excerpts of Record, Volume 1, page 29. They said the Court discussed the information in the notice from Attorney Alex and determined that the defendant had not yet heard from any attorney from the now-defunct firm. And then it says, it then told the defendant, the most important thing is you are now represented by counsel. That could be consistent with Judge Watford's reading of what happened here, that the court was asking about counsel and not about competency. Well, I don't think that's a fair reading, but even if you do, if he hasn't heard from anyone from the firm, he hasn't, no one from the firm has gotten the report. There's nothing in the evidence. The other component of it, then, that I would rely on is the fact that Davidson, who tells the court that we're submitting on the competency report as is, without any development, is that she has not, all that she tells us, the record says, is that she overheard a conversation between Maglo, who's actually somebody else, and Maglo is ambiguously identified as a counsel for the county at one point, and then counsel for the firm at a different point. So I think we've got no assurance in that exchange that Davidson has made sure that Malgo had, or knows that someone has reviewed this report. But that goes to effective assistance and not whether he had counsel, doesn't it? I mean, so Davidson, so the letter from Alex asks the court to appoint a public defender if they can't reach Burke or if Burke isn't available in time. Davidson actually is a public defender. So I know that that's not totally clear from the State record, but in fact, Davidson is a public defender. There's a letter from Smith's counsel saying, please appoint a public defender. And it seems that the State court assumed that Davidson wouldn't have said any of this if she didn't have the authority to do so. So why don't we have to defer to that? The problem with that is what Davidson says in the record about the scope of what she understands. It's not because I'm — she's making a special appearance. She's not taking over the case. She says a special appearance. She also says, I overheard a conversation, not I have consulted with the other counsel who had to leave, and I'm stepping in. But in context, that conversation probably was the earlier proceeding in court off the record where someone from the firm that had been representing Mr. Smith apparently said that the plan was to submit on the report. So if she — if that was the conversation, something that actually happened officially in court by his counsel, that firm, and then somehow at the later hearing, she's the one who repeats it instead of the earlier firm, but it's not like a hallway conversation. I mean, it seems that his — Well, it's not an in-court conversation. Well, it sounds like — well, it sounds like it maybe was. It's something the judge knew about that just wasn't transcribed. Which may make it a chamber's conversation. It may be a hallway conversation. I don't know. So if we're limiting ourselves to what the State record is, then what we know is she's overheard a conversation, not that she has fully participated in a conversation, but she's overheard part of a conversation, and that she's standing in, and we've got nothing from the judge filling in a record that says Mr. Malgo did anything. Well, don't we have — let's see. This is ER 186, so page 28 of that hearing transcript. Don't we have the court at least saying on the record that — I'm looking at line 10, Mr. Malgo indicated that he was prepared and authorized to do that, basically, to submit it on the report. I mean, that does seem to suggest that the court believed that Mr. Malgo had come in and made some representation that, hey, I'm here on behalf of the defendant's law firm, at least. I have the authority, presumably because he spoke with the lawyer, the counsel of record, whoever that was, right? And the judge said, okay, well, someone came in here, Mr. Smith, who purported to say, to be authorized by your counsel to submit this. I'm — who am I to second-guess that? Well, I still think the problem goes back to when Smith — I know you're coming with a different interpretation, but I don't think it's a fair one — that when Smith is asked about this, that he says, I've not — you know, his answer is, I haven't had any communications with anyone. And even going back to the case you just heard earlier, one of the things — It's — Judge Gould, if I could ask you a question. It ties in with that point. The structural error argument rests on the premise that he had no counsel at the time of the competency hearing. But, you know, but is there any Supreme Court case — because our case wouldn't cover it — Supreme Court case that says the court could not let a defender make a special appearance? No, there isn't. And then relay what she thought she overheard. Now, if she didn't do enough investigation, if she didn't know enough to say what she said, then that would be a question of ineffective assistance, even on her special appearance. But it would be subject to the prejudice rule of Strickland. So maybe I'm looking at this too simplistically, but the problem I'm having with the appeal is that a lawyer makes a special appearance for, you know, for the appellant. At the time when this is called, that lawyer thinks that an earlier lawyer of the firm agreed to something. And that lawyer says, no problem. Why is he not represented by counsel then? Avoiding chronic. He's not represented by counsel at that point because when someone makes a special appearance, and this does parallel a Strickland claim, but when you make a special appearance, you have to make sure that the client has been communicated with and that the issue has been fully investigated. And there's nothing in her saying, I overheard a conversation that tells us, and tells us the opposite, that she's had no contact with Mr. Smith. And so she's not able to verify, and I don't think anybody else ever did, that the competency report was accurate and sufficient. Doesn't that go to whether she made an effective special appearance, whether she was negligent in that special appearance? I think it goes to that as well, but I think the key difference between my role as a trial attorney, if I were a trial attorney, versus what you all do and what someone who represents an institution, is the very nature of the attorney-client relationship is I have to communicate with the client, and I have to zealously represent them. And when something breaks that apart, there is no attorney-client relationship, and that's our position, is that no one communicated with Smith about the report. No one made sure that the report was accurate because of that breaking. But that's not clear from the state court record, is it? I mean, there's this ambiguous statement about what? I don't, I really don't think that's an ambiguous statement. I think Smith is telling you no one has communicated with him about this competency hearing, about any of this, and I know my time is well up. And again, I will ask Judge Watford to give you a little extra time so you can respond. Again, in terms of your understanding of what's required for a special appearance, is there any Supreme Court authority that says that that's required? I think that there's, in your Gideon, there's a right to counsel, and under California rules of professional responsibility, there's a stand-by counsel, or a special appearance counsel has the same obligation as the original counsel. That's all I have at the moment. Yeah, and if counsel don't do what they're obligated to do, that's ineffective assistance. It is, but in this context, I think it also breaks the existence of an attorney-client relationship. Then that's what I'm asking. Is there a Supreme Court case that says that? Because I think if the APA applies, we'd have to say there's clearly established federal law that makes that point. Okay. I'm not aware of a Supreme Court case that has addressed this specific situation. And as Judge Holloway said in his findings and recognitions at the beginning, this was something he hasn't seen in 20 years. So I don't have an answer. If I find one, I will certainly let the Court know. Thank you. Thank you. Okay. We'll hear from the State. Good morning, Your Honors. David Andrelidge, Deputy Attorney General for Respondent. I generally agree with much of what the Court has indicated. However, I do want to clarify. There seems to be this sort of collapsing of that there was only one thing that happened earlier, and it was some conversation that this attorney, Davidson, overheard. There's actually – there was previously a conversation that she overheard, and there was also previously a conferencing, which she refers to on the very next page. That is perfectly consistent with there having been something that the Court was aware of in which it was clear, oh, you're going to submit on this. Mr. Malvo doesn't stick around – doesn't have to stick around because all you're going to do is submit, and that will be the hearing. And there's – it's also perfectly consistent with Attorney Davidson having been there when the defendant talked to his attorney, and she overheard him explaining, yeah, this is perfectly fine with me. So it's the – Why do you think that? Yeah. Where do you get that? I – there's a reference to a conversation, and there's a reference to a conferencing. Well, you know, I'm – give us some – give us an ER site, something we can look at. We're not going to take your word for it. At – to ER at 27, line – Wait. Sorry. Are you talking about ER page 185? It's the very beginning of that. Oh, I'm sorry. I'm sorry. 185, I apologize. 27 of the actual – Yes. Yeah. Okay. Page 9 to 10, I – she references where I overheard a conversation. Okay. On the next page – Okay. She references at page – at line 8 to 9, there's a conferencing. And the judge was present at the conferencing, because the very next lines, he heard that Malgaret made some representations or indicated at the conferencing. Right. You know, we've already gone over this with your opponent, and I'm saying, where do you get from this that there was some discussion between Mr. Smith and this lawyer who showed up at the hearing? The – there are two things referenced, a conversation and a conferencing. There's nothing to suggest they were one in the same. They could be, though, right? They could be. They could be. The record is ambiguous. It could be that they were one in the same and all she did was sit there and overhear it and just stand up. Or it could be that, indeed, there was a conversation because she took her duty seriously, and then there was also a conferencing when it was clear that we're going to do this, I can make a special appearance for that. Yes, it's – is it possible that things went crazy? It's always possible. But you don't make a claim on appeal, which is the only place I presented it, by showing a record in which, well, it doesn't affirmatively disapprove that people acted like idiots at trial. That's a – that's a rule in virtually every court of appeal I know, that you cannot speculate your way to error on a record unless there's something that affirmatively requires things to be shown by record, such as that you waive certain rights. But it's – yes, anything's possible. And it's perfectly clear. The State court rejected this on the grounds primarily that all you – all you've offered are possibilities, and you have the burden of proof, which you can't possibly mean. The same way you're having this reaction when I say it could have been this and it could have been that, and you're just like, wait, wait, wait. We can't necessarily draw that conclusion because the record isn't clear. Well, that might be a problem for me if I had the burden of proof on appeal, but I don't. They had the burden of proof in the State court. All they could do was speculate. They didn't – she didn't know what happened, and she was willing to just say, well, probably all these things happened. I don't refer to counsel here, but counsel on appeal. So it's entirely – Counsel, it's Judge Gould. I have the same question for you that I had for the appellant's counsel. That is, is there any Supreme Court authority that says that if a lawyer makes a special appearance but they haven't really talked to the client enough, you know, they don't know beans about the case, that that is, in effect, not having counsel? No. There is absolutely none. The Supreme Court has given only a little guidance on what a chronic claim amounts to. I've broken it down in the brief. Basically, absolutely no counsel, I mean literally no counsel, or circumstances under which external constraints would prevent anyone from being effective. And the other being, the second one, who literally does nothing, if you will, the performance part of chronic. We don't have that. As I pointed out, it's not even clear that it would apply in a context where the defendant himself has a burden of proof. But even if it did, we do have counsel here doing something. She agreed to submit on the report. And there's absolutely no indication that that was contrary to what the defendant wanted. Okay. In terms of the analytical framework here, if I assume that the State Appellate Court did not rule on the chronic issue, and I know that's argued in your briefs, but assuming that I decide that they just did not rule on it, does that mean we don't give deference to the state court decision, but we still have to review de novo if there's a violation of clearly established federal law as set by the Supreme Court? If indeed the State Court of Appeal did not decide this, I have to interject that they have an exhaustion problem, because there is no gotcha. If you don't tell the lower court that you missed something, there's no way for you to fairly present this to the California Supreme Court. You can't just put in your petition for review and say, hey, they didn't decide it. You must give them a chance to fix it. There's no sandbagging the Court of Appeal, if you will. But even if we put exhaustion aside, then at that point, no, you don't have a merits ruling by the California Court of Appeal, if indeed they did not decide it. And at that point, AEDPA, the 2254d would not apply. 2254e still would, of course, because even prior to AEDPA, it was clear you can't just present something on direct appeal and then go to Federal court and want to develop extra record evidence that the State court couldn't have considered on appeal. So you would still have an evidentiary limitation, but you would not have you would not be limited to Supreme Court authority on the premise we just described. You think the Court of Appeal did address the Quranic claim, though, right? I did.  And it's similar to this. If you make a claim that I'm entitled to two attorneys, Your Honor, under a Supreme Court case of whatever, and the Court says you had two attorneys, the Court doesn't have to the Court has rejected your Federal claim for lack of a factual basis. It doesn't have to discuss whether the law would require you to have two attorneys. It's enough that we don't get to the legal point because your Federal claim fails for lack of a factual basis. And here you read the Court of Appeal as saying that essentially Davidson was his lawyer. She wouldn't have done any of this if she didn't think she could be his lawyer properly here. I read the Court of Appeal as saying not that we affirmatively know these things, but that you have the burden of proving it, and you can't possibly do it on this record. In effect, this is the sort of claim that you had to make on habeas if you're going to make it at all. So it failed for lack of a factual basis, not because we, in fact, know the facts are contrary to what you assert, but rather you have the burden of appeal and you don't prove it. What do we do with the fact that there's nothing in the State court record, at least as far as I've found, that says that Davidson is a public defender? It would be helpful if we could connect the fact that Alex asked the Court to appoint a public defender, and then Davidson, in fact, is a public defender. If we could draw that link, it would make this even easier, but I don't see anything in the State court record that says that Davidson is a public defender. Robertson, I don't have no idea why. It is, if you will, silent on that point. But again, on a silent record, the defendant hasn't met his burden. It's part of the complication is that when you get to Federal court, they end up with these dialogues, and you're often not limited to the record, and you get all these  I cannot imagine how it was anything other than frivolous to raise this on direct appeal. If you really thought this person was an attorney, you would have filed a habeas petition. You would have sent these things out in the State court, and they would have adjudicated this. It was a frivolous claim on direct appeal. Roberts. What happened here doesn't bother you in the least. I guess I got bothered. I'm sorry. I guess I got bothered. I couldn't understand what you said. I guess I did get bothered. It is frivolous to What happened here doesn't bother you in the least as a lawyer. Oh. What, in terms of I'm saying what happens, we know what happened from what got developed in the Federal habeas proceedings. I'm sorry. And I'm saying you just, you come up here, and you're entitled to represent the State however you want, but you're not bothered by what happened here at all? At the trial level or on appeal, Your Honor? I'm talking about at the competency, at the supposed competency hearing that was supposed to happen. Your Honor, the overwhelming majority of competency hearings are dealt with on reports. It's rare that you actually have live testimony. So there's absolutely nothing unusual about that. Is it a little strange that a firm dissolves or at least becomes insolvent while representing a client? I hope so. But I assume that attorneys who have financial hardships will still make sure they represent their clients. And I think the California Court of Appeal could find that there's no reason they should assume to the contrary. So one may think it's odd to have a law firm that does send serial attorneys. What happened here is not odd, counsel. It is not odd in the least. I mean, it's a travesty. And you're entitled to defend the State court ruling, but I think in light of what we know actually went down, this defendant got a complete raw deal here. I could not disagree with you more, Your Honor. This seems to be that, yes, a claim was raised. It may well be that Attorney Alex realized, I thought so at one time, but it's clear this guy isn't incompetent. And that's why they didn't realize, I thought so at one time, but this guy is clearly competent. Just as the expert concluded, and there's nothing wrong with counsel relying on an expert, and so while it's a critical stage and so on, the fact is, if the attorney knows, oh, he's competent, there's nothing, there's no travesty. He didn't actually have a lawyer. I guess that's, you can, if you want to argue that he wasn't, he was competent, fine. I don't know. I wasn't there. But he didn't have a lawyer, and he was entitled to have a lawyer. That's all I'm saying. That's, that to me is why this is not, what happened here was not right. You can defend it because we have to give deference under AEDPA. But it is crystal clear that he did not have counsel at all, and he was entitled to under the Constitution. Roberts. I'm sorry. Are you saying that it's clear that Attorney Davidson wasn't an attorney or that he wasn't his attorney? That's for sure. She filed an appearance on his behalf, so she was his attorney. There's a presumption that she made sure she knew enough to act on his behalf, even though, by the way, you don't have a stricken claim in front of you. But she was his attorney. I could have had someone step in for me in this argument, Your Honor, and if they know enough to read from the documents to represent them, they are counsel for the State. There is absolutely no Supreme Court authority, certainly for the proposition that an attorney who makes a special appearance isn't an attorney for a client, and therefore the client doesn't have an attorney. Okay. Thank you, Your Honor. Thank you for your arguments. We'll give you two minutes for rebuttal. Thank you, Your Honor. Could we give the appellant three minutes for rebuttal? Of course. Thank you. I'm having trouble getting my arms around all these issues. Okay. I want to touch on the adjudication question, because I think it's clear that the Court of Appeals, the State Court of Appeals, I shall clarify, knew that I used the term chronic. It doesn't matter. They knew that the defendant had raised a claim, because it says on Excerpt of Record 1, page 28 of the Court of Appeals decision, the defendant contends that he was deprived of his right of counsel at the hearing on his competence to stand trial. And yet the analysis sticks that there is any, and certainly the final concluding part segues straight into the competency question, and that there is a presumption of competence, and it's exactly what my opponent is talking about, that on the State Court of Appeals, the defendant has failed to show incompetence of counsel. So the claims presented, it's not adjudicated. So that takes us out of 2254d. Are you saying it's not adjudicated, or the Court applied the wrong standard in adjudicating it? I don't think it's adjudicated. They recognize the issue, and the only issue they answer, there was a discussion in the briefing about whether chaplain harmless error analysis applies, and that is the only question that they're answering, is the more Strickland claim. Do you think he was raising an ineffective assistance claim and a chronic claim, and that you think they only addressed the ineffective assistance claim? I think when you fully read both the briefs, the reply briefs that they put in the supplemental excerpt, that because of the harmless error issue, there was a Strickland – I don't remember off the top of my head whether Strickland was cited, but that there was a discussion about the competency, and that's the only issue that gets addressed. If that's the case under Harrington and Johnson, don't we have to assume that if they addressed one claim and were silent on the other, that they adjudicated it on the merits just silently, or at least as a presumption? I don't think so. I think that Harrington really talks about – Harrington is actually just a silent decision. Right. But what about Johnson, where there are two claims, and the Court says when one is decided and the other isn't, we presume that the other was adjudicated on the merits? Then I suppose under that rationale, you would say that they've applied the wrong – it's clearly – that it would still get out of 2254D, but under the D1 prong, because they clearly applied the wrong legal standard. So you'd have a D1 error, which takes us out of that gateway, and then the question – Well, so then you're saying they did adjudicate it. I don't think it did, but if that's – I haven't reread Johnson recently, so I'm kind of accepting your interpretation of it. If that's the interpretation, that no matter what the court of – essentially no matter what the court of appeals does or the courts of counsel claims, though, whether they say anything or don't say anything, if the issue is presented, it's – there's a silent denial. Then the only analysis they give is a Strickland one, and they don't resolve under the chronic standards, the applicable chronic standards, the chronic claim, and therefore it's a 2254D1 problem, which takes us out of the deference, takes us into the exhaustion argument he's made. Nobody's asked a question, so I assume that's not going anywhere. It is – I found that completely frivolous myself. Okay. So then the question is just basically are we back to a Townsend versus Sain? Can I present the rest of the evidence that clarifies it? And my time is well up. And if there are no other questions? Judge Gould, did you have any? I just have one question, and it's probably has maybe been answered and I didn't absorb, but I just would like your perspective on this. Assuming that the chronic issue was not decided by the state court of appeals and that we don't credit the exhaustion argument, if that's the case, then, on this petition, does appellant have to show a chronic violation in terms of just Supreme Court precedent, clearly established Supreme Court precedent, or can it be shown also with reference to circuit precedent? I think it can be decided based on circuit precedent as well, because the question – chronic is well established. There's no Teague or any question that this was a critical stage. So the question then becomes just is there enough evidence, and I think you can look at the supplemental evidence that we presented in the district court that clarifies the status of things, the chain of where it was broken. I think you can look at circuit precedent, because under your reading of it, Judge Friedland, there's a 2254d1 break in the deference to just Supreme Court precedent. Okay. Thank you. Thank you, Your Honors. Thank you, counsel. We appreciate your arguments in this case. The case just argued will stand submitted.
judges: Gould, Watford, Friedland